1

2

3

4

5

6

7                             UNITED STATES DISTRICT COURT

8                             EASTERN DISTRICT OF CALIFORNIA

9

10   MERUZHAN HARUTYUNYAN,                    1:25-cv-00859-HBK (HC)

11                 Petitioner,

                                              ORDER DENYING PETITIONER'S MOTION
12         v.                                 FOR APPOINTMENT OF COUNSEL

13   WARDEN OF THE GOLDEN STATE               (Doc. No. 3)
     ANNEX DETENTION FACILITY, et al.,
14
                   Respondents.
15

16

17          Petitioner, who currently is detained by Immigration and Customs Enforcement and

18   proceeding pro se, has pending a petition for writ of habeas corpus filed under 28 U.S.C. § 2241.

19   (Doc. No. 1, "Petition").  Petitioner accompanied his Petition with a motion for appointment of

20   counsel.  (Doc. No. 3).

21                                        **ANALYSIS**

22          Petitioner seeks appointment of counsel due to "the complexity of the law on

23   immigration" and his belief that his Petition has a "strong chance of success."  (Doc. No. 3 at 2).

24   There is no automatic, constitutional right to counsel in federal habeas proceedings.  *See Coleman*

25   *v. Thompson*, 501 U.S. 722, 752 (1991); *Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958).

26   The Criminal Justice Act, 18 U.S.C. § 3006A, however, authorizes this court to appoint counsel

27   for a financially eligible person who seeks relief under § 2241 when the "court determines that

28   the interests of justice so require."  *Id*. at § 3006A(a)(2)(B); *see also Chaney v. Lewis*, 801 F.2d

                                              1

1191, 1196 (9th Cir. 1986).  Moreover, the Rules Governing Section 2254 Cases in the United

States District Courts require the court to appoint counsel: (1) when the court has authorized

discovery upon a showing of good cause and appointment of counsel is necessary for effective

discovery; or (2) when the court has determined that an evidentiary hearing is warranted.  *Id*. at

Rs. 6(a) and 8(c); *see also Terrovona v. Kincheloe*, 912 F.2d 1176, 1881 (9th Cir. 1990).

Based upon the record, the Court finds Petitioner has not demonstrated that appointment

of counsel is necessary at this stage of the proceedings.  Petitioner was able to competently file

his 18-page habeas petition that includes a thorough statement of facts and supporting law

concerning his claim for habeas relief.  Additionally, the Court finds the circumstances of this

case presently do not indicate that appointed counsel is necessary to prevent a due process

violation.  The Court will direct Respondent when responding to the Petition to attach any records

necessary for considering the Petition.  Thus, it is not clear whether any discovery or an

evidentiary hearing is necessary until the Court reviews the record.

Accordingly, it is ORDERED:

Petitioner's motion for appointment of counsel (Doc. No. 3) is denied without prejudice.

Dated:    July 17, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

2