UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERUZHAN HARUTYUNYAN,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al.,<br><br>Respondents. | No. 1:25-cv-00859-HBK (HC)<br><br>ORDER DIRECTING SUPPLEMENTAL BRIEFING<br><br>TEN-DAY DEADLINE |

Petitioner, an immigrant detainee in U.S. Immigration Customs and Enforcement (ICE) custody at the Golden State Annex Detention Facility in McFarland, California, has pending a pro se petition for writ of habeas corpus filed under 28 U.S.C. § 2241 challenging his "ongoing prolonged detention" without a bond hearing. (Doc. No. 1, "Petition"). Respondent filed a Motion to Dismiss on September 30, 2025. (Doc. No. 14). Petitioner did not file an opposition. (*See* Doc. No. 9 at 3, ¶ 4 directing a response to a motion to dismiss in twenty-one (21) days).

Federal courts have an independent duty to consider their own subject-matter jurisdiction. Fed. Rule of Civ. P. 12(h)(3); *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). Under Article III, Section II of the Constitution, a federal court's jurisdiction is limited to adjudication of "live" cases and controversies. *See Hollingsworth v.*

1

*Perry*, 570 U.S. 693, 705 (2013) ("Article III demands that an actual controversy persist throughout all stages of litigation.") (internal quotation marks omitted); *see also Arizonans for Official English v. Arizona,* 520 U.S. 43, 67 (1997) (Article III's "cases" and "controversies" limitation requires that "an actual controversy . . . be extant at all stages of review, not merely at the time the complaint is filed,") (internal quotation marks omitted).  To maintain a claim, a litigant must continue to have a personal stake in all stages of the judicial proceeding.  *Abdala v. INS*, 488 F.3d 1061, 1063 (9th Cir. 2007) (internal citation omitted).  In the context of a habeas petition, the "case or controversy requirement requires a finding of mootness if (1) the petitioner has received the relief requested in the petition; or (2) the court is unable to provide the petition with the relief sought."  *Aniyeloye v. Birkholz,* 2023 WL 4868545, at *1 (C.D. Cal. July 31, 2023) (citing *Munoz v. Rowland*, 104 F.3d 1096, 1097-98 (9th Cir. 1997)); *see also Dominguez v. Kernan*, 906 F.3d 1127, 1132 (9th Cir. 2018) (case is moot when it is "impossible for a court to grant any effectual relief" on petitioner's claim).

The Petition, filed in July 2025, raised the following claim for relief: Petitioner's "ongoing prolonged detention" for over 8 months in ICE custody without a bond hearing violates his Fifth Amendment due process rights.  (Doc. No. 1 at 16-17).  The Court's *sua sponte* search for Petitioner in the ICE online detainee locator system returned zero (0) matching records.[1]  Because it appears that Petitioner may no longer be in ICE custody, the Court must first determine whether this action is moot before considering its merits.

Accordingly, it is **ORDERED**:

1. Within **ten (10) days** from the date of this Order, Respondent shall submit supplemental briefing to address whether this action is moot because of Petitioner's release from ICE custody as reflected on the ICE online detainee locator system.

2. In the alternative, if Petitioner has been transferred to another detention facility that is

---

[1] *See* ICE Detainee Locator, https://locator.ice.gov/odls/#/search (last visited November 24, 2025).  The Court may take judicial notice of information on official government websites.  *McClure v. Ives*, 2010 WL 716193, at *3 (E.D. Cal. Feb. 26, 2010); *see also United States v. Basher*, 629 F.3d 1161, 1165 (9th Cir. 2011) (taking judicial notice that Bureau of Prisons' inmate locator available to the public).

not reflected on the ICE online detainee locator system, Respondent shall notify the Court of Petitioner's location.

Dated: November 25, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3