UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERUZHAN HARUTYUNYAN,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al.,<br><br>Respondents. | No. 1:25-cv-00859-HBK (HC)<br><br>ORDER DISMISSING PETITION AS MOOT[1]<br><br>(Doc. No. 1) |

Pending before the Court is a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241, filed by Petitioner Meruzhan Harutyunyan while he was detained in U.S. Immigration Customs and Enforcement (ICE) custody at the Golden State Annex Detention Facility in McFarland, California pending adjudication of his asylum application. (Doc. No. 1, "Petition"). The Petition raised a sole ground for relief (restated): Petitioner's "ongoing prolonged detention" for over 8 months in ICE custody without a bond hearing while his asylum application was adjudicated violated his Fifth Amendment due process rights. (*Id*. at 16-17). As relief, Petitioner sought a bond hearing or immediate release from custody. (*Id*.). For the reasons set forth more fully herein, the Court dismisses the Petition as moot.

---

[1] Both parties have consented to the jurisdiction of a magistrate judge, in accordance with 28 U.S.C. § 636(c)(1). (Doc. No. 13).

1

# I.  BACKGROUND

## A.  Procedural History

Petitioner initiated this action on July 15, 2025.  (Doc. No. 1).  On August 19, 2025, the Court ordered expedited briefing, directing Respondent to respond to the Petition within forty-five (45) days.  (Doc. No. 9).  On September 30, 2025, Respondent filed a Motion to Dismiss.  (Doc. No. 14).  Petitioner declined to file an opposition before the deadline.  (*See* Doc. No. 9 at 3, ¶ 4 directing a response to a motion to dismiss in twenty-one (21) days).  Upon review, the Court undertook a *sua sponte* search for Petitioner in the ICE online detainee locator system, which returned zero (0) matching records.  Thus, the Court ordered Respondent to submit supplemental briefing to address whether this action is moot because of Petitioner's release from ICE custody, or in the alternative, notify the Court of Petitioner's location.  (Doc. No. 16).  On November 28, 2025, Respondent filed Notice of Immigration Court Order and Notice of Mootness, with attached exhibits, representing that Petitioner was granted asylum and released from custody on October 27, 2025.  (Doc. No. 17, 17-1).  As the Court is no longer able to grant the relief Petitioner requests, Respondent contends the action should be dismissed as moot.  (*Id*.).

## B.  Background

Petitioner, a native and citizen of Armenia, entered the United States on November 21, 2024, at the San Ysidro Port of Entry in San Ysidro, California without a scheduled appointment or documents allowing him to legally enter or remain in the United States.  (Doc. No. 14-2 at 2 ¶ 6-7, Exh. 1-2).  Petitioner was placed in expedited removal proceedings as an arriving alien pursuant to 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA") and taken into custody pending a credible fear interview.  (*Id*.).  On December 12, 2024, Petitioner received a credible fear interview, and on December 18, 2024, the asylum officer found Petitioner had established a credible fear of persecution.  (*Id*. at 2 ¶ 8).  On January 2, 2025, U.S. Citizenship and Immigration Services ("USCIS") issued a Notice to Appear in removal proceedings before an IJ as an arriving alien, and Petitioner was then granted multiple continuances to obtain an interpreter, secure counsel, and respond to the allegations in the Notice to Appear.  (*Id*. at 3, ¶ 9-12, Exh. 3).  Petitioner submitted an application for asylum and withholding of removal on April

14, 2025, and again received multiple continuances to supplement his application for relief from removal. (*Id*. at 3 ¶ 13-14). On May 29, 2025, and June 11, 2025, Petitioner requested custody redeterminations, both of which were denied. (*Id*. at 3-4 ¶ 15-16, Exh. 4-5). On October 24, 2025, Petitioner's request for asylum was granted, and he was released from custody on October 27, 2025. (Doc. No. 17, 17-1). Both the Department of Homeland Security and Petitioner (as respondent) waived appeal, thus the grant of Petitioner's request for asylum is a final order. (Doc. No. 17-1 at 8).

## II. APPLICABLE LAW AND ANALYSIS

Under Article III, Section II of the Constitution, a federal court's jurisdiction is limited to adjudication of "live" cases and controversies. *See Hollingsworth v. Perry*, 570 U.S. 693, 705 (2013) ("Article III demands that an actual controversy persist throughout all stages of litigation.") (internal quotation marks omitted); *see also Arizonans for Official English v. Arizona,* 520 U.S. 43, 67 (1997) (Article III's "cases" and "controversies" limitation requires that "an actual controversy . . . be extant at all stages of review, not merely at the time the complaint is filed,") (internal quotation marks omitted). Federal courts consider various doctrines, including "standing," "ripeness," and "mootness" to ascertain whether a meets the "case and controversy" requirement. *See Poe v. Ullman*, 367 U.S. 497, 502-505 (1961). To maintain a claim, a litigant must continue to have a personal stake in all stages of the judicial proceeding. *Abdala v. INS*, 488 F.3d 1061, 1063 (9th Cir. 2007) (internal citation omitted). A case must be dismissed if it becomes moot at any stage. *See City of Mesquite v. Aladdin's Castle*, 455 U.S. 283, 288 (1982).

"For a habeas petition to continue to present a live controversy after the petitioner's release or deportation … there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Abdala,* 488 F.3d at 1064. Here, the Petition only seeks a bond hearing and/or release from immigration detention but asserts no collateral consequences that can be remedied by a successful ruling on the Petition. Thus, Petitioner's release from custody cures his complaints about the length of his detainment without a bond hearing. *See id*. (dismissing petition as moot because detainee was challenging "only the length of his detention at the INS facility" and "the original petition did not seek to redress collateral consequences arising

from his deportation."). Indeed here, the parties waived any appeal rights so the order granting asylum is final. Because Petitioner is no longer in ICE detention, the Court lacks jurisdiction to consider the claim raised in the Petition, and the Petition must be dismissed as moot.

Accordingly, it is **ORDERED**:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) is DISMISSED as moot.
2. The Clerk of Court is directed to terminate any pending motions and CLOSE this case.

Dated:    December 2, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE